MICHAEL J. KAPIN *+

*  PROFESSIONAL CORPORATION
+  ADMITTED IN CALIFORNIA
    AND NEW YORK

**KAPIN PLLC**
1133 BROADWAY, SUITE 1001
NEW YORK, NEW YORK 10010

TELEPHONE 212.513.0500
FACSIMILE 866.575.5019



November 30, 2020

**VIA ELECTRONIC CASE FILING ONLY:**
Stewart D. Aaron, United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:     1:19-cv-04946-LGS Moyal v. Münsterland Gruppe GmbH & Co KG

Dear Magistrate Judge Aaron:

     I represent Plaintiff in the above-referenced action.  This matter is currently scheduled for oral argument on Wednesday, December 2, 2020 at 2:00pm before Your Honor.  On November 16, 2020, Your Honor issued a Supplemental Order, which, among other things, provided the Defendant an opportunity to supplement the inquest record to include evidence regarding its, "sales of Supplier Products (as defined in the Exclusive Distribution Agreement) that were made by Defendant in North America during the term of the Agreement (1) through the International Supplier webpage (www.original-antique-furniture); and, separately, (2) not through the webpage."

     Defendant, as a defense to Plaintiff's damages submission, has raised the issue of purported sales through Defendant's International Supplier webpage as being exempt from Plaintiff's exclusive distribution rights under the parties' agreement (see, e.g. *DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S APPLICATION FOR A DEFAULT JUDGMENT* filed November 2, 2020, p. 4, second full paragraph). Defendant, however, to date, has not provided any documentation of any purportedly exempt sales, to Plaintiff during the course of this litigation.  Pursuant to the January 10, 2020 Civil Case Management Plan and Scheduling Order ("CCMP"; See ECF Document 43), signed by the Honorable Lorna G. Schofield, this information, if a defense which Defendant intended to raise, should have been disclosed pursuant to the CCMP and FRCP Rule 26.

     Plaintiff alleged in the First Amended Complaint, paragraph 30, that, "*[f]rom the inception of the Agreement, OAF and/or MMRT continued to sell products in the Territory, either directly or through distributors, without including Moyal, thereby circumventing Moyal's exclusivity right, within the Territory, under the Agreement.*"  As Defendant consented to a default judgment as to liability, this allegation of the First Amended Complaint is deemed admitted.  Defendant, if permitted to even introduce evidence which contradicts a direct pleading admission, should at least

Stewart D. Aaron, United States Magistrate Judge
November 30, 2020
Page Two

be required to have exchanged its purported evidence of same, well in advance of the parties' damages inquest, so as to avoid unfair surprise/prejudice

In the interest of justice, Plaintiffs seeks: (i) a ninety (90) day extension of the hearing on damages; (ii) leave to submit discovery demands to the Defendant pertaining to its defense of Plaintiff's damages; and, (iii) leave to supplement the record based on discovery obtained as a result of those demands.

This is Plaintiff's **first request** for an adjournment of the hearing on Plaintiff's damages. I have conferred with Defendant's counsel and the **consent of the Defendant to this letter application was denied**.

Thank you for your courtesy and prompt attention to this matter. If you have any questions or need further information, please do not hesitate to contact me.

Sincerely,

LAW OFFICES OF MICHAEL J. KAPIN

/s/ *Michael J. Kapin*

Michael J. Kapin, Esq.

ENDORSEMENT: Plaintiff's request for an adjournment of the December 2, 2020 oral argument is DENIED WITHOUT PREJUDICE. The Court shall go forward with oral argument on December 2, 2020, at 2:00 p.m., as previously scheduled, and shall address the issues raised in this letter at that time. SO ORDERED.
Dated: 11/30/2020