UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

David Moyal,

                                  Plaintiff,

-against-

Münsterland Gruppe GmbH & Co. KG d/b/a Original Antique Furniture,

                                  Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/17/2021

1:19-cv-04946 (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

Pending before the Court are a motion by Defendant Münsterland Gruppe GmbH & Co. KG ("Defendant" or "MGKG") to dismiss or stay due to the pendency of insolvency proceedings in Germany. (Def.'s Mot., ECF No. 99), and a motion by Defendant's counsel to withdraw due to the insolvency proceedings. (Mot. to Withdraw, ECF No. 109.) For the reasons set forth below, Defendant's motion to dismiss and Defendant's counsel's motion to withdraw are GRANTED.

**BACKGROUND**

On February 1, 2019, this action was commenced by Plaintiff David Moyal ("Plaintiff") in the New York County Supreme Court seeking damages from MGKG for breach of a distribution agreement. (*See* Summons & Compl., ECF No. 1-1.) On May 28, 2019, the action was removed to this Court. (*See* Notice of Removal, ECF No. 1.) On July 5, 2019, a First Amended Complaint ("FAC") was filed. (*See* FAC, ECF No. 13.)

On March 12, 2020, the parties filed a joint motion for a default to be entered as to the FAC, whereby MGKG "concede[d] [Plaintiff's] allegations relating to liability set forth in his [FAC], and assert[ed] its right to contest [Plaintiff's] evidence of damages, if any, upon his

application for a default judgment." (Joint Mot. at 1-2.) MGKG stated that it was conceding liability because it "does not have the financial resources to defend this action and also defend against a judgment enforcement action that [Defendant] anticipates [Plaintiff] would commence in Germany if he were to obtain a judgment herein." (Kobelboom Decl., ECF No. 55-1, ¶ 2.) On March 16, 2020, District Judge Schofield referred this action to me for a contested damages inquest. (3/16/20 Order, ECF No. 56; Order of Ref., ECF No. 57.) The parties thereafter filed numerous submissions in connection with the inquest. (*See* ECF Nos. 66-71, 78.)

On November 13, 2020, Judge Schofield approved the parties' consent for me to conduct all proceedings in this case, including the entry of final judgment. (Consent, ECF No. 79.) Following oral argument on December 2, 2020, the parties filed various additional submissions required by the Court in the ensuing months, after procuring extensions of time to do so. (*See* ECF Nos. 87-88, 91, 94, 96-98, 102-03.)

On March 11, 2021, MGKG and its general partner, Münsterland Gruppe Verwaltungs GmbH ("MGVG"), commenced a proceeding in the District Court of Münster, Germany (the "German Court") seeking bankruptcy protection under the German Insolvency Act. (Galik Decl., ECF No. 99-1, ¶ 3.) Under Section 240 of the German Code of Civil Procedure, the commencement of the bankruptcy proceeding automatically stayed all previously filed actions against MGKG. (*Id*. ¶ 4; *see also* Reiter Decl., ECF No. 114-1, ¶ 5.) Pursuant to an Order issued by the German Court on March 11, 2021, Andreas Sontopski ("Sontopski") was appointed by the German Court as insolvency administrator. (*See* Galik Decl. Ex. A (German Court Preliminary Order), ECF No. 99-2, at 2, 3; Reiter Decl. ¶ 6.)

On March 26, 2021, MGKG filed its motion to dismiss or stay due to the insolvency proceedings in Germany. (*See* Def.'s Mot.) On April 8, 2021, Gregory Smith ("Smith"), MGKG's counsel of record in this action, was advised by Sontopski's attorney that, by operation of German law, Smith's mandate to act for MGKG was terminated upon the filing of MGKG's insolvency proceeding and that Smith no longer was authorized to represent MGKG in this action. (*See* Smith 4/8/21 Decl., ECF No. 109-1, ¶ 3.) On April 8, 2021, Defendant's counsel filed his motion to withdraw, pursuant to Local Civil Rule 1.4. (*See* Mot. to Withdraw.)

On April 21, 2021, Plaintiff filed his opposition to Defendant's motion to dismiss or stay. (Pl.'s Opp. Mem., ECF No. 112.) On April 27, 2021, Defendant filed its reply. (Def.'s Reply, ECF No. 114.)

**LEGAL STANDARDS**

I. **Comity And Foreign Bankruptcy Proceedings**

Comity "is neither a matter of absolute obligation, on the one hand, nor of mere courtesy and good will, upon the other. But it is the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protection of its laws." *Hilton v. Guyot*, 159 U.S. 113, 163-64 (1895). "[I]nternational comity" encompasses "two distinct doctrines": (1) a "canon of construction [that] might shorten the reach of a statute"; and (2) "comity among courts," which is "a discretionary act of deference by a national court to decline to exercise jurisdiction in a case properly adjudicated in a foreign state." *In re Maxwell Commc'n Corp. plc*, 93 F.3d 1036, 1047 (2d Cir. 1996).

"Abstention comity, or 'comity among courts,' is concerned with which court should decide the parties' rights, and relatedly, whether a U.S. court should enforce a foreign bankruptcy court's order relating to the debtor's assets or the adjudication of a creditor's claims." *In re SunEdison, Inc.*, 577 B.R. 120, 131 (Bankr. S.D.N.Y. 2017). "Abstention comity aims to prevent an 'end-run' around the foreign bankruptcy proceeding by a creditor seeking to collect a claim against a foreign debtor through a U.S. court proceeding instead of through the foreign bankruptcy case." *Id*. (citations omitted).

"The mere existence of parallel foreign proceedings does not negate the district courts' 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" *Royal & Sun Alliance Ins. Co. of Canada v. Century Int'l Arms. Inc.*, 466 F.3d 88, 92 (2d Cir. 2006) (alteration in original) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). Foreign bankruptcy proceedings, however, generally are an exception to this rule. "[O]ne discrete category of foreign litigation . . . generally requires the dismissal of parallel district court actions—foreign bankruptcy proceedings. A foreign nation's interest in the 'equitable and orderly distribution of a debtor's property' is an interest deserving of particular respect and deference, and accordingly we have followed the general practice of American courts and regularly deferred to such actions." *Royal & Sun Alliance Ins. Co. of Canada.*, 466 F.3d at 92-93.

Deference to foreign bankruptcy proceedings is appropriate where "the foreign proceedings are procedurally fair and . . . do not contravene the laws or public policy of the United States." *JP Morgan Chase Bank v. Altos Hornos de Mexico. S.A. de C.V.*, 412 F.3d 418, 424 (2d Cir. 2005); *see also Finanz AG Zurich v. Banco Economico S.A.*, 192 F.3d 240, 246 (2d Cir.

4

1999) ("We have repeatedly noted the importance of extending comity to foreign bankruptcy proceedings."). The burden is on the party urging the district court to defer to a foreign proceeding as a matter of comity to prove that comity is appropriate. *See Allstate Life Ins. Co. v. Linter Group. Ltd.*, 994 F.2d 996, 999 (2d Cir. 1993).

II.     **Withdrawal Of Counsel**

Local Civil Rule 1.4 sets forth the requirements for an attorney to withdraw as counsel of record in an action pending in this Court. Local Civil Rule 1.4 provides in relevant part:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

S. & E.D.N.Y. Local Civ. R. 1.4.

## APPLICATION

I.      **This Action Is Dismissed Based Upon Principles Of Comity**

The Court carefully has reviewed the declarations filed by MGKG in connection with its motion and finds that MGKG has met its burden to prove that comity is appropriate in this case, since it has shown that the German insolvency proceedings are procedurally fair and do not contravene the laws or public policy of the United States. Here, the German insolvency laws "comport with due process and fairly treat claims of [U.S.] creditors." *See Victrix S.S. Co., S.A. v. Salen Dry Cargo A.B.*, 825 F.2d 709, 714 (2d Cir. 1987). As set forth in the declaration submitted by MGKG from German-qualified counsel, Peter Galik (*see* Galik Decl. ¶¶ 4-6), "(1) the [German Court] shares our policy of equal distribution of assets; and (2) [German] law mandates the

issuance [of a] stay." *Philadelphia Gear Corp. v Phila. Gear, S.A.*, 44 F.3d 187, 193 (3d Cir. 1994). German law makes no distinction between, and gives no preference to, claims by foreign or German creditors based on their nationality. (*See* Galik Decl. ¶ 6.) In addition, the MGKG bankruptcy proceeding automatically stayed all previously filed actions against MGKG. (*See id.* ¶ 4.)

Plaintiff himself acknowledges that "the matter of comity is a generally accepted principle." (*See* Pl.'s Opp. Mem. at 5.) Moreover, the objections raised by Plaintiff to the relief sought by Defendant are meritless. First, Plaintiff contends that Smith did not have authority to file Defendant's motion to dismiss or stay. (*See id.* at 3.) This contention is baseless, as Smith still was counsel of record for Defendant at the time he filed such motion.[1]

Second, Plaintiff contends that Defendant's motion is "suspect" because MGVG is the "parent company" of MGKG, and Defendant failed to disclose the identity of MGVG in its Rule 7.1 Statement filed in this Court. (*See* Pl.'s Opp. Mem. at 3-4.) This contention also is baseless. Rule 7.1 of the Federal Rules of Civil Procedure requires disclosure of a corporate party's "parent corporation" and any publicly traded corporation owning 10% or more of the party's stock. Fed. R. Civ. P. 7.1.[2] As Defendant disclosed when it removed this action to this Court,

---

[1] Plaintiff's suggestion that the insolvency trustee appointed under German law should have commenced a proceeding in U.S. bankruptcy court under Chapter 15 of the Bankruptcy Code to seek a stay of this action in the District Court is absurd and would fly in the face of comity principles. *See* 8 Collier on Bankruptcy ¶ 1509.02 (16th ed. 2021) ("[C]ourts regularly rule that chapter 15 recognition is not a prerequisite to grant comity to foreign proceedings on the request of a party other than a foreign representative.").

[2] The purpose of Rule 7.1 is to provide judges with information to determine whether they possess financial interests in the litigants before them. *See* Fed. R. Civ. P. 7.1, Notes of Advisory Committee on 2002 Amendments ("The information required by Rule 7.1(a) reflects the 'financial interest' standard of Canon 3C(1)(c) of the Code of Conduct for United States Judges. This information will support properly informed disqualification decisions in situations that call for automatic disqualification under Canon

"Münsterland Verwaltungs [Gruppe] GmbH" is MGKG's general partner. (*See* Notice of Removal ¶ 2.) Thus, MGVG is not MGKG's parent company, and there is nothing "suspect" about MGKG's ownership structure or the disclosure it made about such structure.

Third, Plaintiff contends that it did not receive "formal notice" of the German insolvency proceedings. (*See* Pl.'s Opp. Mem. at 4-5.) Plaintiff was made aware of the insolvency proceedings no later than March 26, 2021. In a letter Plaintiff's counsel filed with the Court on that date, Plaintiff's counsel acknowledged having been advised by Defendant's counsel about the insolvency proceeding. (*See* Pl.'s 3/26/21 Ltr., ECF No. 98, at 1 n.1.) In any event, on April 26, 2021, Defendant sent formal notice to Plaintiff. (*See* Reiter Decl. ¶ 9 & Ex. A.)

Accordingly, the Court finds that comity is appropriate and therefore dismisses this action.[3]

II.  **Smith Is Relieved As Counsel For MGKG**

Smith has complied with the requirements of Local Civil Rule 1.4 and shown satisfactory reasons for withdrawal in this action, since he no longer has authority to act on behalf of MGKG. As required under Local Civil Rule 1.4, he has stated that he is not seeking a retaining or charging lien and has served Plaintiff and MGKG with copies of his motion. (*See* Smith 4/8/21 Decl. ¶¶ 5, 7.) Thus, his motion to withdraw is granted.

---

3C(1)(c)."). The disclosures required by Rule 7.1 "may seem limited," yet they "are calculated to reach a majority of the circumstances that are likely to call for disqualification on the basis of financial information that a judge may not know or recollect." *Id*.

[3] The Court notes that Plaintiff is not prejudiced by this outcome. Even if the Court had entered a default judgment in a sum certain, MGKG would be entitled to the protections of German bankruptcy law.

**CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is GRANTED and Defendant's counsel's motion to withdraw as counsel is GRANTED.

The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

Dated: May 17, 2021
New York, New York

_____
**STEWART D. AARON**
**United States Magistrate Judge**